JOHN FERGUSON and another *v.* J. P. WHIPPLE.

The admission of irrelevant testimony is no ground for remanding a case for a new trial, where its exclusion would not probably vary the result.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.

*Emerson,* for the plaintiffs.

*Winthrop,* for the appellant.

MARTIN, J. The certificate of the clerk does not enable us to review the judgment, that officer attesting only that the transcript contains all the proceedings and all the documents filed in the cause. No testimony appears to have been taken down, and the case is only before us on a bill of exceptions, taken by the defendant and appellant, to the offer, by the plaintiffs, of witnesses to prove the personal habits of the defendant, and to show that he was becoming or was already addicted to intemperance, on the ground that such testimony was totally irrelevant, and had nothing to do with the question before the court. If the testimony was *totally irrelevant, and had nothing to do with the question before the court,* it ought not to have been admitted, because its admission could have no other effect than to consume uselessly the time of the lower court. It could not have injured the defendant's case. But this loss of time would not certainly be remedied by reversing the judgment, and remanding the case for a new trial. The absence of this objectionable testimony would not probably produce a different result.

*Judgment affirmed.*